UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
    WAYNE ROSE,

                    Plaintiff,                              **MEMORANDUM AND ORDER**

      -against-

                                                    10-CV-4592 (NGG) (ALC)

    THOMAS BARRETT, DWIGHT HOVINGTON,
    NEW YORK CITY POLICE DEPARTMENT,
    CEAIRA MLATAMOU, COURTNEY DONALD
    VICKERS, RICHARD BROWN - Queens County
    District Attorney, OFFICER JOHN DOE # 1; and
    OFFICER JOHN DOE # 2,

                    Defendants.
------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Wayne Rose brings this pro se action against the New York City Police Department ("NYPD"), several individual NYPD officers, the District Attorney of Queens County, and two private individuals.[1] (See Complaint (Docket Entry # 1).) Plaintiff's request to proceed in forma pauperis (Docket Entry # 2) is granted for the purpose of this order. For the reasons set forth below, Plaintiff's complaint is dismissed.

**A.    BACKGROUND[2]**

Plaintiff alleges that on August 31, 2010 Defendants Ceaira Mlatamou and Courtney Donald Vickers, while trespassing, "threw a 'wilding type' party" at 151 Beach 91st Street in Rockaway Beach, New York. (Complaint ¶¶ 7-8.) A truck that Plaintiff stored at that location

---

[1] Plaintiff has filed several previous actions in this jurisdiction. Two prior cases were dismissed for lack of subject matter jurisdiction. Rose v. Weeks, et al., No. 09-CV-3393; Rose v. Chin, No. 09-CV-3707. His two most recent cases were voluntarily withdrawn. Rose v. City of New York, et al., No. 10-CV-3782, Rose v. Different Twist Pretzel, Inc., et al., No. 10-CV-3783 (E.D.N.Y. Sept. 10, 2010). Docket No. 10-CV-3782 named many of the same defendants and alleged facts similar to the instant action.

[2] The following facts are taken from Plaintiffs' complaint.

1

was badly damaged during the course of the party. (Id. ¶¶ 8, 10.) Plaintiff and the residents of 151 Beach 91st Street called the 100th Precinct of the NYPD, 611, and 911 to report the incident. (Id. ¶¶ 11, 12.) Two police officers – identified by Plaintiff as "John Doe 1 and John Doe 2" – arrived at the scene but did "absolutely nothing" and allowed Mlatamou and Vickers to continue to trespass. (Id. ¶ 13.) The next day, Plaintiff faxed a letter to Defendants Dwight Hovington and Thomas Barrett at the 100th Precinct. (Id. ¶ 14.) Hovington told Plaintiff that "the matter in question was 'a landlord and tenant matter' and [that] he had no intention of filing a police report or doing any investigation." (Id. ¶ 15.)

Plaintiff further alleges that on August 24, 2010, he observed Vickers break into his truck, "hot wire" it, and drive it one block away. (Id. ¶ 19.) Plaintiff again contacted the 100th Precinct. (Id. at 20.) A desk sergeant told him that a car would be dispatched when the police had time. (Id.) Plaintiff states that he faxed a letter to Hovington and mailed letters to Barrett and the Queens County District Attorney, Richard Brown, reporting the incident and demanding an investigation and protection of his constitutional rights. (Id. ¶ 22.) Plaintiff has not subsequently been contacted by defendants. (Id. at 23.)

Plaintiff further alleges that his truck was subsequently seized by the City of New York, and that he was required to appear before the New York City Environmental Control Board for "Abandoning a Vehicle." (Id.) According to Plaintiff, this caused him to "lose his civil liberties." (Id.) Plaintiff alleges that the police officer Defendants "treat those who live in Rockaway Beach, which is a lower income neighborhood then [sic] those who reside in Belle Harbor differently by slower response time, not responding to calls and threatening to arrest individuals for no cause." (Id. ¶ 31.) He alleges that this is part of a policy and practice of inadequate supervision and training by the NYPD. (Id. ¶¶ 35, 38.) Plaintiff further alleges that "misfit" and

2

"inept" police officers are routinely reassigned to the 100th Precinct, which is located in the Rockaways. (Id. at ¶ 37.)

Plaintiff alleges "violation of his civil rights under 42 USC Sections 1981, 1985, 1986, and 1988 and within the United States Constitution and the laws of the State of New York." (Id. at 2.) He seeks millions of dollars in damages and asks this Court to refer the matter to the "U.S. District Attorneys office for investigation and criminal prosecution as deemed necessary." (Id. at 10.)

## II. DISCUSSION

### A. Standard of Review

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). Nonetheless, under the in forma pauperis statute, a district court must dismiss a case if it determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must also contain, however, "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Dismissal is appropriate if a complaint consists merely of "a formulaic recitation of the elements of a cause of

action" or "naked assertion[s]" without "further factual enhancement." Bell Atl. Corp. v. Twombly, 555 U.S. 544, 555, 557 (2007).

### B. Prosecutorial Immunity

Plaintiff names Richard Brown, the Queens County District Attorney, as a defendant. Plaintiff alleges that he mailed a letter reporting the August 24, 2010 incident and demanding an investigation, but that he has not yet been contacted by the District Attorney's Office. Brown is, however, entitled to absolute immunity for "performing prosecutorial activities that are 'intimately associated with the judicial phase of the criminal process,'" including the decision whether or not to commence a prosecution. See Ying Jing Gan v. City of New York, 996 F.2d 522, 530 (2d Cir. 1993) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)). Accordingly, Plaintiff's claims against Brown must be dismissed.

### C. Section 1983 Claims

A 42 U.S.C. § 1983 claim has two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981)). As the Supreme Court has held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quotations omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id. "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993) (citing City of Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985)).

Plaintiff alleges that the police officer defendants failed to sufficiently respond to his

4

emergency call on August 31, 2010 and failed to properly investigate his reports and complaints. These allegations do not state a claim under § 1983. The Fourteenth Amendment does not require a state to "protect the life, liberty, and property of its citizens against invasion by private actors." DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 195 (1989). Moreover, police officers are responsible for acting for the benefit of the public, not for individual citizens, who have no enforceable entitlement to particular outcomes. See Castle Rock v. Gonzales, 545 U.S. 748, 760, 765 (2005). To the extent that Plaintiff claims that the City has "selectively den[ied] its protective services to certain disfavored minorities," DeShaney, 289 U.S. at 196 n.3, he has not alleged sufficient facts supporting that theory. Because Plaintiff has not alleged facts that would support a constitutional deprivation, his § 1983 claims against the individual police officer defendants and the NYPD must be dismissed.

### D. Other Civil Rights Claims

Plaintiff also fails to state a claim under the other provisions of the Civil Rights Acts that he cites: 42 U.S.C. § 1981, § 1985, § 1986, and § 1988. Section 1981 provides that, "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981(a). Nothing in the Plaintiff's complaint suggests that his ability to make or enforce contracts or participate in any legal proceeding was impaired by racial discrimination.

Sections 1985 and 1986 apply to civil rights conspiracies motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." See United Brotherhood of Carpenters v. Scott, 463 U.S. 825, 826 (1983) (citation omitted). Plaintiff's complaint does not

5

identify any conspiracy that satisfies this standard. Section 1988 provides guidance in enforcing the substantive sections of the Civil Rights Acts and contains no independent cause of action. See Moor v. Alameda County, 411 U.S. 693, 705 (1973). For these reasons, Plaintiff fails to state a claim under any of the other cited provisions of the Civil Rights Acts.

### III. CONCLUSION

For the reasons set forth above, all of Plaintiff's federal claims are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 8(a)(2). The Court lacks an independent basis for subject matter jurisdiction over Plaintiff's state law claims; those claims are dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
November 19, 2010

NICHOLAS G. GARAUFIS
United States District Judge